# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 190 - & 01 C 4095 | **DATE** | 4/29/2002 |
| **CASE TITLE** | Somerset Limited, et al. vs. Wineberg, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The government's motion for summary judgment (19-1) is granted as to attorneys' fees, and granted in part and denied in part as to interest. Plaintiffs' cross-motion for partial summary judgment (21-1) is denied as to attorneys' fees and granted in part and denied in part as to interest. The government shall calculate the total interest due to it and serve it on Hohmann who shall stipulate to the accuracy of the calculations. The parties are ordered to submit the stipulation to the court no later than noon, 5/15/02. Judgment will be entered on that day. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 3 0 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 4/29/2002 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SOMERSET LIMITED PARTNERSHIP, an Illinois limited partnership, and **HOHMANN OP HOLDINGS, LLC,** an Illinois limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> JULIAN WINEBERG and **THE UNITED STATES OF AMERICA,** <br><br> Defendants. | No. 01 C 0190 (consolidated) <br><br> **DOCKETED** <br> APR 3 0 2002 |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JULIAN WINEBERG and HOHMANN OP HOLDING, LLC, <br><br> Defendants. | No. 01 C 4095 |

## MEMORANDUM OPINION AND ORDER

Julian Wineberg had a limited partnership interest in Somerset Limited Partnership. In 1998, Mr. Wineberg entered into a "Cash Option Agreement" with Hohmann OP Holdings, L.L.C., giving Hohmann the option to buy Mr. Wineberg's interest in Somerset for $426,822. Hohmann exercised the option on July 1, 1999, but has not paid Mr. Wineberg because it was uncertain about the status of certain tax liens and levies on Mr. Wineberg's property. The federal government has millions of dollars of tax liens and levies on Mr. Wineberg's

property covering tax years from 1978 to 1986. Somerset and Hohmann (collectively "Hohmann") filed an interpleader action against the United States and Mr. Wineberg to determine the appropriate payee of the money held by Hohmann. The government brought a separate action to foreclose a lien against Mr. Wineberg's rights to the proceeds of the options contract with Hohmann. I consolidated the cases, see Minute Order of August 15, 2001, and the government moves for summary judgment. Hohmann responds and moves for partial summary judgment.

I.

Summary judgment is proper when the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Mr. Wineberg did not respond to the government's motion, so I enter judgment in favor of the government and against Mr. Wineberg in the amount of $1,318,480.21, plus interest and other statutory penalties, and I find that the government has a valid and subsisting lien on Mr. Wineberg's right to money under the contract with Hohmann. Hohmann has no objection to this disposition, but the parties dispute whether Hohmann is entitled to

attorneys' fees out of the money it owes to Mr. Wineberg and whether the government is entitled to interest under 815 ILCS 205/2.

A.

The government argues that Hohmann's attorneys' fees may not be taken out of the $426,822 that it will receive as a result of the lien foreclosure. Hohmann does not contend that its claim for attorneys' fees is superior to the government's lien, which attached in 1990, more than eight years before Hohmann entered into the options agreement with Mr. Wineberg. Instead it says that the government's attorney, Mr. Snoeyenbos, promised Hohmann that, in return for its assistance in providing information for the government's suit against Mr. Wineberg, Hohmann would be entitled to take its attorneys' fees from the money owed to Mr. Wineberg. The government submits an affidavit stating that there was no such agreement, so there is a factual question that I cannot decide here. But even if there were such an agreement, it would be unenforceable against the government as a matter of law.

The authority to compromise or settle "any civil or criminal case arising under the internal revenue laws" is vested in the Secretary of the Treasury, 26 U.S.C. § 7122(a), and may be redelegated to Section Chiefs and Assistant Section Chiefs, but may not be redelegated to attorneys-of-record, 28 C.F.R. Pt. 0, Subpt. Y, App. (Tax Div. Directive No. 105 § 3) ("Directive 105"). There

3

is no dispute that Mr. Snoeyenbos is the attorney of record, so he lacks the authority to compromise cases arising under the tax code. Hohmann argues that § 7122 applies only to cases against *taxpayers*, but it cites no authority for that proposition, and the statute says "any civil or criminal case." "Any" case means any case, *see United States v. Ballistrea*, 101 F.3d 827, 836 (2d Cir. 1996); *see also Lexington Ins. Co. v. Rugg & Knopp, Inc.*, 165 F.3d 1087, 1089 (7th Cir. 1999) ("'[E]very' means 'every.'"), not just taxpayer actions. Hohmann also argues that Mr. Snoeyenbos' signature on a stipulation for entry of judgment against Mr. Wineberg in the foreclosure action is evidence that he had authority to compromise cases. However, that stipulation did not compromise the government's claim; it entitled to government to all the relief it sought, unlike the claim for attorneys' fees, which would reduce the government's recovery. Moreover, even if it were evidence of authority to compromise, it is evidence only as to the foreclosure case,[1] not the interpleader case, and redelegations under the regulations are made "on a case-by-case basis." Directive 105 § 3. In response to the government's motion, it was Hohmann's burden to come forward with evidence of Mr. Snoeyenbos's authority to create a factual issue for trial; it did not discharge or shift that

---

[1] The stipulation was signed before the cases were consolidated. *See* attachment to the government's Response to Motion to Consolidate, filed 8/6/01; *see also* Minute Order of 8/15/01 (granting consolidation).

4

burden merely by filing a cross-motion. On Hohmann's own motion, Mr. Snoeyenbos' statement in his affidavit that he never represented that he was a Section Chief or had the power to compromise a case or claim would be sufficient to create a question of fact to avoid summary judgment.

Hohmann urges that, even if Mr. Snoeyenbos lacked actual authority to enter into an agreement about fees, the government should be estopped from contesting an award of attorneys' fees. Equitable estoppel cannot apply here because Directive 105 clearly states that mere attorneys-of-record have no authority to compromise cases, and "those who deal with the [g]overnment are expected to know the law and may not rely on the conduct of [g]overnment agents contrary to law." *Heckler v. Community Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 66 (1984) (holding that where regulations clearly circumscribed the authority of government official and party relied on oral statement of official that exceeded authority, any reliance was unreasonable). I grant the government's motion and deny Hohmann's motion with regard to attorneys' fees.

B.

Under the Illinois Interest Act, creditors are entitled to interest at a rate of 5% a year on debts after they become due. 815 ILCS 205/2. An unconditional tender of the full amount due will stop the accrual of interest. *See Yassin v. Certified Grocers of*

5

*Ill., Inc.*, 551 N.E.2d 1319, 1321 (Ill. 1990) (full amount); *Steward v. Yoder*, 408 N.E.2d 55, 57 (Ill. App. Ct. 1980) (unconditional). Tender only tolls the accrual of interest if it is "kept good"; that is, it "must be kept at all times subject to be received by the creditor when he calls for it." *Aulger v. Clay*, 109 Ill. 487, 1884 WL 9815, at *4 (Ill. Mar. 26, 1884); *see also Schmahl v. A.V.C Enters., Inc.*, 499 N.E.2d 572, 575 (Ill. App. Ct. 1986) (defining tender as an offer to pay "coupled with the present ability of immediate performance").

The facts here are not in dispute. On July 1, 1999, when Hohmann exercised its option to buy Mr. Wineberg's interest in Somerset, it became liable to pay Mr. Wineberg. Hohmann (through Somerset) was aware of the liens and levies against Mr. Wineberg's property, so, also on July 1, 1999, it sent a check to Mr. Wineberg, payable jointly to Mr. Wineberg and the IRS, for $384,130, or 90% of the amount due under the contract. The check was never negotiated, and fifteen months later, on October 10, 2000, Hohmann stopped payment on the check. On January 10, 2001, Hohmann filed the interpleader action. The government argues that the check was not legally sufficient tender because it was for an amount less than the total due under the options agreement. Hohmann attaches to its response and cross-motion the options agreement, which called for a "holdback amount" of 10% at the closing. §§ 1.3 and 1.4 The options agreement called for only a 90% payment at

6

closing, so the July 1, 1999, check was a tender of the full amount due on that day.

The government also argues that the check was not sufficient to stop the accrual of interest because it imposed a condition not contemplated by the options agreement that the IRS endorse the check. The Illinois Supreme Court stated, nearly sixty years ago, that "[a] tender, to be effectual, must be without conditions other than those specified in the contract between the parties." *Ortman v. Kane*, 60 N.E.2d 93, 97 (Ill. 1945). There the extra-contractual condition imposed was payment of interest above and beyond the amount agreed to by the parties. *Id.* More recent formulations of the definition of "tender" suggest that it "must be without conditions *to which the creditor can have a valid objection or which will be prejudicial to his rights.*" *Arrio v. Time Ins. Co.*, 751 N.E.2d 221, 227 (Ill. App. Ct. 2001) (emphasis added); *MXL Indus., Inc. v. Mulder*, 623 N.E.2d 369, 377 (Ill. App. Ct. 1993) (same; citing 74 *Am. Jur.2d Tender* § 24, at 561-62 (1974)); *Telemark Devel. Group, Inc. v. Mengelt*, No. 00 C 3626, 2001 WL 477219, at *2 (N.D. Ill. May 7, 2001) (Shadur, J.). In *Telemark*, the court held that a creditor could have no valid objection to a condition that the creditor admit no greater amount was due because the amount tendered was in fact everything the creditor was entitled to. *Id.* at *4. The "condition" imposed here, signature by the IRS, did not change the amount due under the contract. On

7

matters of state law, I must predict what the Illinois Supreme Court would decide, *see Mutual Service Cas. Ins. Co. v. Elizabeth State Bank*, 265 F.3d 601, 612 (7th Cir. 2001) (diversity context), and I conclude that the more recent appellate court cases, relying on an authoritative standard reference, provide a better basis for prediction than an older Illinois Supreme Court decision that is not directly on point. Here Mr. Wineberg could not reasonably have objected to the fact that the check was jointly payable to the IRS in light of the substantial liens and levies against him. Nor was he prejudiced by joint payment, because, as I have already determined, the lien was valid. Thus the check, jointly payable to Mr. Wineberg and the IRS, tolled the accrual of interest.

Nevertheless, Hohmann failed to "keep the tender good" when it stopped payment on the check on October 10, 2000, because Wineberg could not act immediately to accept the money. *See Schmahl*, 499 N.E.2d at 575. Hohmann argues that the interpleader lawsuit, filed three months later, was valid tender. Although Hohmann and Somerset did not contest the amount due when they filed the interpleader action, they effectively asked the court to decide how to make the payment but did not deposit any funds with the court, so action was not a valid tender because it did not make the money immediately available. *See Aulger*, 1884 WL 9815, at *3 ("We have only to turn to any book of precedents to find that a plea of tender must aver a readiness, at all times after it is made, to pay the money, and

8

he must bring it into court."). The government's motion and Hohmann's motion are granted in part and denied in part with regard to interest: Hohmann is liable for interest from October 10, 2000.

II.

The government's motion for summary judgment is GRANTED as to attorneys' fees, and GRANTED IN PART and DENIED IN PART as to interest. Somerset and Hohmann's cross-motion for partial summary judgment is, accordingly, DENIED as to attorney's fees and GRANTED IN PART and DENIED IN PART as to interest. The government shall calculate the total interest due to it, using the 5% interest rate provided for by the Interest Act, beginning on October 10, 2000, and serve it on Hohmann, who shall stipulate to the accuracy of the calculations. The parties are ORDERED to submit the stipulation to me no later than noon, May 15, 2002. Judgment will be entered on that date.

ENTER ORDER:

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: April 29, 2002